ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

JOSIAH BOURNES (CABN 272316)
 Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7181
FAX: (415) 436-7234
Josiah.Bournes@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 3-24-CR-00381-JSC-2 |
| Plaintiff, | ) [~~Proposed~~] DETENTION ORDER |
| v. | ) |
| FRIDIS YOEL CRUZ REYES, | ) |
| Defendant. | ) |

On July 10, 2024, defendant Fridis Cruz Reyes was charged via federal grand jury with:

1) Distribution and Possession with Intent to Distribute Fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), along with 18 U.S.C. § 2 as a theory of liability;

2) Possession with Intent to Distribute Heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C);

3) Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and,

4) Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Dkt. 1).

On July 22, 2024, the defendant appeared for his initial appearance (Dkt. 8). The government filed a written motion for detention and made the same request orally during the initial appearance (Dkt. 6, 9). An identification of counsel hearing was set for July 24, 2024.  Attorney Shaffy Moeel appeared on July 24, 2024, and, was appointed as counsel for the defendant (Dkt. 12). On July 24, 2024, the defendant requested a detention hearing on July 30, 2024. (*Id*.) On July 29, 2024, U.S. Pretrial Services filed a Pre-Trial Bail Report regarding the defendant (Dkt. 18).

On July 30, 2024, this Court conducted the detention hearing.  The defendant was present and represented by his attorney, Shaffy Moeel.  Assistant United States Attorney Josiah Bournes appeared for the government.  The government argued that the defendant should remain detained pretrial because he represented a flight risk and a danger to the community that could not be mitigated by any release condition, or, combination of conditions. The defendant requested release to a halfway house.

Upon consideration of the facts, proffers and arguments presented, Pretrial Services' report, the government's memorandum, and for the reasons stated on the record, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the person as required. Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1).  As noted on the record, the Court makes the following findings as the bases for its conclusion: the defendant presents a serious flight risk that cannot be mitigated by any of the proffered conditions in light of the facts presented and the seriousness of the federal charges.  The Court's reasons in support of its findings are as follows:

Defendant is a Honduran citizen. Defendant has spent nearly his entire life in Honduras and has only been present in the United States for the last nine months;

Defendant has substantial ties to Honduras as his parents, sister, and child currently reside in Honduras;

Defendant has no stable residence locally. Defendant has been living in various hotels in Oakland, CA during the last nine months;

Defendant was unable to provide any references for verification, or, to serve as a potential bail resource;

Defendant is facing a significant prison sentence if convicted in federal court and therefore has an incentive to flee that cannot be mitigated by any condition or combination of conditions.

These findings are made without prejudice to the defendant's right to seek review of defendant's detention or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1.      The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.      The defendant be afforded reasonable opportunity for private consultation with counsel; and

3.      On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED:  July 30, 2024

HON. THOMAS S. HIXON
United States Magistrate Judge